**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**
August 3, 2009

Charles R. Fulbruge III
Clerk

No. 08-31155
Summary Calendar

STEPHEN BROWN

Plaintiff-Appellee

v.

TOTAL E & P USA INC,

Defendant-Appellant

Appeal from the United States District Court
for the Eastern District of Louisiana
2:07-CV-8133

Before DAVIS, GARZA, and PRADO, Circuit Judges.

PER CURIAM:*

Defendant-Appellant Total E&P USA, Inc. ("Total") appeals a final judgment from the district court in favor of Plaintiff-Appellee Stephen Brown ("Brown").

Superior Offshore International, LLC ("Superior") was hired by Total to perform construction services on Total's VK823 production platform located in the Gulf of Mexico. Brown, an employee of Superior, was injured in the process

---

* Pursuant to 5TH CIR. R. 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

of moving a four-by-four foot piece of metal grating ("skid") by crane on the deck of the platform. Brown sued Total for negligence and sought to recover damages for the injury he suffered in the accident. At trial, conflicting testimony was provided by Total and Superior personnel. Brown argued that Total was negligent because Total gave Brown and Superior an express order to engage in an unsafe work activity by requiring the skid to be lifted in one piece, and that Total ignored Superior employees' recommendations for alternative methods of moving the skid. Total denied this version of the facts, and asserted as a defense to negligence that because Superior was an independent contractor, or, in the alternative, a borrowed servant, Total could not be held liable. The negligence question was submitted to the jury, which returned a verdict for Brown. Total moved for judgment as a matter of law ("JMOL"). The district court denied the motion, and Total appeals.

A motion for JMOL in a case tried by jury is a challenge to the legal sufficiency of the evidence supporting the jury's verdict. *Coffel v. Stryker Corp.*, 284 F. 3d 625, 630 (5th Cir. 2002) (citation omitted). We review the denial of a motion for JMOL *de novo*, but accord deference to a jury verdict. *Thompson v. Connick*, 553 F.3d 836, 850-51 (5th Cir. 2008) (citations omitted). We will reverse a jury's verdict only if the facts point so strongly and overwhelmingly in the movant's favor that reasonable jurors could not reach a contrary conclusion. *Id*. at 851 (citation omitted). We "must draw all reasonable inferences in favor of the nonmovant and disregard all evidence favorable to the moving party that the jury is not required to believe...[, and] may not make credibility determinations or weigh the evidence." *Id*. (citation and internal quotation marks omitted).

Total first argues that Superior was an independent contractor, thus shielding Total from liability.[1]  "[A] principal. . . cannot be liable for injuries resulting from the negligent acts of an independent contractor. . . unless. . . the principal retains operational control over the contractor's acts or expressly or impliedly authorizes those acts." *Coulter v. Texaco, Inc.*, 117 F.3d 909, 912 (5th Cir. 1997).  Total cites *Landry v. Huthnance Drilling Co.*, 889 F.2d 1469 (5th Cir.) for the proposition that it did not retain the requisite operational control. In *Landry*, we held that it is not enough to find operational control where the principal retains the right to stop work or make suggestions, but that "[t]here must be such a retention of right of supervision that the contractor is not entirely free to do the work in his own way." 889 F.2d at1471.  Total argues that it merely provided suggestions as to how the skid should be moved, and that at all times Superior was responsible to supervise its own work and their own employees.  However, the evidence presented at trial is legally sufficient to find that: Total ordered the Superior employees to perform a dangerous lift; rejected alternative, safer methods for doing so; the unsafe operation ordered by Total caused Brown's injuries; and the accident would not have occurred had safer methods to lift the skid been applied.  We decline to find that Total has shown that the facts point so strongly and overwhelmingly in its favor that reasonable jurors could not reach a contrary conclusion. *Thompson,* 553 F.3d at 851.

The evidence is legally sufficient to find that the independent contractor defense does not apply to shield Total from liability.  The district court was thus

---

[1] As an initial matter, there is confusion as to whether the district court applied Alabama or Louisiana law in this case.  However, Total concedes that the relevant law on independent contractor liability in the two states are the same.

correct to deny Total's motion for JMOL.[2]  The judgment is AFFIRMED.

---